FILED

APR 11 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMED AFIFY, ) | |
|     Petitioner, ) | 08CV2062 |
| vs. ) | JUDGE HART |
| KEITH NYGREN, McHenry County ) Sheriff, ) | MAG. JUDGE ASHMAN |
|     Respondent. ) | |

## PETITION FOR *HABEAS CORPUS*

Petitioner, **AHMED AFIFY**, by and through counsel, **JAMES C. TEN BROECK JR.**, hereby petitions this Honorable Court for *Habeas Corpus* against the Respondent, and in support thereof, states as follows:

### PARTIES

1. The Petitioner, AHMED AFIFY, an Egyptian national, is currently being detained by Respondent KEITH NYGREN, Sheriff of McHenry County, Illinois, on behalf of the Field Office Director for the United States Immigration and Customs Enforcement ("USICE") and the Department of Homeland Security ("DHS") at the McHenry County Jail and has been held there since October 9, 2007.

2. The Respondent, KEITH NYGREN, is the Sheriff of McHenry County, Illinois, and is the immediate custodian of the Petitioner.

### JURISDICTION & VENUE

3. This Court has jurisdiction to consider this petition pursuant to Article I, Section 9, clause 2 of the United States Constitution ("Suspension clause"), and 28 U.S.C. §§2241, 1331,

and 1361, since Mr. AFIFY is presently in the custody under the color of the authority of the United States, and such custody is in violation of the Constitution, laws and/or treaties of the United States. This Court may grant relief pursuant to Habeas Corpus, 28 U.S.C. §2241, *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*, and the All Writs Act, 28 U.S.C. §1651.

4. Venue lies in the United States District Court for the Northern District of Illinois, the judicial district in which the Petitioner's custodian is located. 28 U.S.C. §1391(c).

5. Petitioner's action is based upon traditional district court authority to entertain *habeas corpus* actions pursuant to 28 U.S.C. §2241, et. seq., and §§1331, 1361, as well as Administrative Procedure Act ("APA"), 5 U.S.C. §704. Petitioner's action does not fall within the proscriptions of jurisdiction under 8 U.S.C. §1252, because the Petitioner does not challenge an "order of removal", *see*, 8 U.S.C. §1252(a)(5)[1] because the Petitioner was never ordered removed. The Petitioner challenges his unlawful detention during the pendency of these proceedings. Accordingly, jurisdiction is proper in this Court, not the circuit court of appeals.

## CASE AND PROCEDURAL HISTORY

6. On November 2, 2008, the Immigration Court, entered an order for bond on behalf of the Petitioner in the amount of $75,000.00. The Petitioner was never able to raise the money to post this amount of bond.

7. On January 22, 2008, the Immigration Court entered an order granting the Petitioner adjustment of status and terminating the Petitioner's proceedings in his favor.

---

[1] "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means *for judicial review of an order of removal* entered or issued under any provision of this chapter . . . ." 8 U.S.C. §1252(a)(5), (West, 2005) (emphasis added).

2

8.  On February 7, 2008, the Office of Chief Counsel for the Department of Homeland Security ("DHS") appealed the Immigration Court's order of January 22, 2008, to the Board of Immigration Appeals ("BIA") and refuses to release him during the pendency of the proceedings before the BIA.

9.  On February 13, 2008, Petitioner filed a "Motion for Release" with the Immigration Court. That motion was denied on March 14, 2008, based upon a failure of the Immigration Court to assume jurisdiction of the matter since the DHS had appealed the case to the BIA.

10.  On March 17, 2008, Petitioner filed a "Motion for Reconsideration" which has not been ruled upon.

11.  The Petitioner is not required to "exhaust administrative remedies" any further than he has already done because it would be prejudicial for the Petitioner to continue to suffer an unreasonable delay or be subject to an indefinite time-frame in detention. *See, Gonzales v. O'Connell*, 355 F.3d 1010 (7th Cir. 2004).

### *HABEAS CORPUS*

12.  The Writ of *habeas corpus* is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public Safety may require it." Suspension Clause, Article I, Section 9 of the United States Constitution.

13.  The Petitioner is entitled, under the Suspension clause, the Due Process clause of the 5th Amendment, and the Separation of Powers principle embodied in Article III of the Constitution, to *habeas corpus* review of an executive action which deprives the Petitioner of any substantive statutory or constitutionally protected right and/or his liberty.

14. The Petitioner's remedy for release is by way of this petition for Writ of *habeas corpus*. The Habeas Corpus Act, 28 U.S.C. §2241, et seq. provides that a court entering the Writ shall grant same, or order the respondent to show cause why the Petitioner should not be released, unless it is abundantly clear that the Writ shall not issue.

15. The DHS, USICE currently detains the Petitioner without any authority to do so insofar as the Petitioner has been granted adjustment of status and the statute authorizing the detention of aliens, 8 U.S.C. §1226(a), INA §236(a), provides that the Attorney General may detain only "pending a decision;" here, a decision was made on January 22, 2008, terminating the right of the DHS, USICE to continue to detain the Petitioner.

16. The relief requested herein has not been sought from or refused by any other court other than the Immigration Court.

**WHEREFORE**, the Petitioner prays that this Honorable Court grant the following relief:

A. Grant the writ of *habeas corpus* upon the Respondent, KEITH NYGREN, directing him to release the Petitioner forthwith;

B. Alternatively, issue an order to show cause requiring the Respondent, within three (3) days, to certify the true cause of detention and, thereafter, within five (5) days, set the matter down for hearing;

C. Grant attorney's fees and costs; and

D. for any other further relief this Court deems just and reasonable.

Dated: Chicago, Illinois
April 10, 2008

JAMES C. TEN BROECK JR.
*Attorney for Petitioner*
AHMED AFIFY

4

**JAMES C. TEN BROECK JR.**
Chicago Immigration Advocates
3117 W. Lawrence Ave.
Chicago, Illinois 60625
(773) 463-1601
No. 6209096