UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AHMED AFIFY | ) | |
| | ) | |
| Petitioner, | ) | No. 08 C 2062 |
| | ) | |
| v. | ) | Judge Hart |
| | ) | |
| | ) | |
| KEITH NYGREN, McHENRY COUNTY | ) | |
| SHERIFF, | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENT'S RETURN TO PETITIONER'S
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Afify has filed a Petition for Writ of Habeas Corpus as well as an Emergency Motion for Grant of Writ of Habeas Corpus, or Order to Show Cause. At the hearing held on the emergency motion on April 16, 2008, the court noted that petitioner had not exhausted his administrative remedies, but directed the respondent to file a return to the habeas in seven days. Respondent hereby files his response in accordance with the order entered in open court and respectfully request that the court dismiss the case in its entirety for lack of subject matter jurisdiction under the Immigration and Nationality Act, the local rules of the federal court, and for failure to state a claim on the merits of the petition, as petitioner Afify has not exhausted the available administrative remedies which are readily available to him, and have been available to him for several months.

**Facts**

Petitioner Afify is a native and citizen of Egypt who is currently in the custody of the respondent. Petition ¶1, 2; *see also* Govt. Ex. 1, "Warrant for Arrest of Alien" and "Notice of Custody Determination." On November 2, 2007, petitioner had a bond hearing where the

immigration judge granted his request to change his custody status, and lowered his bond from "no bond" to a $75,000 bond. Govt. Ex. 2. He did not file an appeal of that decision of the immigration judge, even though he had reserved that right, and even though that right is afforded him under the statute and regulations. *Id; see also* 8 C.F.R §1003.19(f): "[a]n appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to §1003.38." 8 C.F.R. §1003.38(a) reads: "[d]ecisions of Immigration Judges may be appealed to the Board of Immigration Appeals as authorized by 8 C.F.R.§ 3.1(b)."

On January 22, 2008, petitioner Afify was granted adjustment of status by the immigration judge, however, the government filed an appeal of that decision with the Board of Immigration Appeals (Board), thus petitioner Afify does not yet have a final decision on his case. *See* 8 C.F.R. §1003.6(a): " . . . the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is executed, nor shall such decision be executed while an appeal is pending . . ." *See* Petition for Habeas Corpus ¶8, and see 8 C.F.R. §1003.39 and 1003.1(b)(2). As petitioner notes in his habeas petition, the government did reserve appeal of the immigration judge's decision granting him relief, and that appeal has now been fully briefed by both sides within ten weeks of the filing of the Notice of Appeal with the Board. Govt. Ex. 3. It is noteworthy in reviewing the briefing schedule in Govt. Ex. 3 that petitioner Afify is the party who extended his time to respond by three weeks, thus any delay may not be attributed to ICE as it maintained its expeditious briefing schedule by completing their appeal brief in seven weeks. *See* Petition at ¶11, petitioner Afify referring to "unreasonable delay."

After petitioner was granted relief from the immigration judge, he filed a motion for

reconsideration of his custody based upon the changed circumstances which was denied by the immigration judge. Petition ¶10, Govt. Ex. 4. However, while petitioner has not been successful in obtaining a different bond, and while he had reserved appeal on his bond decisions, he had never actually filed an appeal of the bond decisions in his case. It was not until the day after he filed a petition for habeas corpus in district court that he filed an appeal of the denial of his reconsideration request dated March11, 2008. Government Exhibit 5. That appeal was filed on April 11, 2008 and remains pending at this time. *Id.*

Pursuant to the Illinois Court Rules and Procedure, Federal Court Rules, 2007, there is a local rule as promulgated by the federal court which speaks specifically to cases such as this—LR 81.4(a) "Appeal from Immigration Judge. Where an appeal from an order of an Immigration Judge is permitted by law, *the petition must show that the alien has taken such an appeal to the Board of Immigration Appeals and that the appeal has been denied.*" (Attached as Govt. Ex. 6) (Emphasis added). Respondents seek dismissal of this complaint because petitioner has not complied with the local rule, and there is no jurisdiction for this court to release petitioner pending the ruling by the Board on his custody appeal since the statute and regulations provide a vehicle by which petitioner may seek review of the bond decisions as well as his release. 8 U.S.C. §1226(a)(2) 8 C.F.R. §1003.19(f).

This section of the regulations clearly demonstrates petitioner's available administrative remedy, and contrary to counsel's assertions in open court, there is nothing "nebulous" about this process. Petitioner admitted and conceded in his removal hearing that he is an individual who is removable from the United States for overstaying his visa under 8 U.S.C.§1227(A)(1)(B), and for failing to comply with the conditions of his nonimmigrant status under 8 U.S.C. §1227(A)(1)(C)(i).

3

Therefore, because at the time that he was arrested, he no longer had lawful status in the United States, he was properly placed in the custody of US ICE. He has had opportunities since the initial bond hearing held in November 2007, to file appeals to the Board regarding his custody and he has failed to exhaust those statutory and administrative rights and remedies before coming to district court.

**Argument**

**I.      Petitioner's Claim Fails Because 8 U.S.C. §1226(e) Bars Review of the Attorney General's Discretionary Detention Decision**

Petitioner Afify claims in a general manner that his detention is in violation of the Constitution, laws, and or treaties of the United States. Petition ¶3. Further he asserts that jurisdiction for this action is based upon "traditional district court authority to entertain habeas corpus actions . . . . " and that his action does not fall within the proscriptions of jurisdiction under 8 U.S.C. §1252 because "the petitioner does not challenge an order of removal. . ." Petition ¶5. He challenges his "unlawful detention during the pendency of [these] proceedings. Accordingly jurisdiction is proper in this Court, not the circuit court of appeals." However, the bar to judicial review in 8 U.S.C. §1226(e) expressly prohibits any court from setting aside the Attorney General's custody determinations. *See* 8 U.S.C. §1226(e).[1]

While petitioner Afify refers to the original bond order in the amount of $75,000 as an amount the "petitioner was never able to raise . . ." this is actually a challenge to the discretionary decision of the immigration judge setting the bond at $75,000, having redetermined the original bond set by

---

[1](e) Judicial Review,— The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation or denial of bond or parole.

US ICE.  *See* Govt. Exs.1 and 2.  Section 1226(e) precludes challenges to discretionary or operational

decisions of the Attorney General[2] regarding detention, *id.* (*see also,  Demore v. Kim,* 538 U.S. 510,

517 (2003),  and *Hussain v. Mukasey,* 510 F.3d 739 (7th Cir. 2008)(holding that 8 U.S.C. §1226(e)

statute governing judicial review of removal orders barred court of appeals from ordering lawful

permanent resident's release from detention pending judicial review of the order of removal).

Petitioner Afify has had bond redeterminations and the immigration judge at one point did lower his

original bond.  Govt. Ex 2.  However, because Afify challenges the discretionary decisions of the

immigration judge in setting and in reconsidering his bond, he challenges a discretionary detention

decision made pursuant to Section 1226(e) which bars judicial review. *Id.*

    While section 1226(e) does not bar review of constitutional questions or questions of law, *see*

8 U.S.C. §1252(a)(2)(D) (excepting review of constitutional questions and questions of law from

jurisdictional bar); *Demore v. Kim,* 538 U.S. at 517 (section 1226(e) "does not bar respondent's

constitutional challenge to the legislation authorizing his detention without bail"), it does, however,

bar review of operational or discretionary decisions.  *See Parra v. Perryman,* 172 F.3d at 957

(permitting review of the statutory framework permitting detention without bail, but not operational

decisions); *Kim,* 538 U.S. at 517 (approving *Parra); cf. Gonzalez v. O'Connell*, 355 F.3d 1010, 1014

(7th Cir. 2004)(finding jurisdiction because the alien was not challenging "operational decisions").

---

    [2]As of March 1, 2003, in accordance with sec. 1517 of Title XV of the Homeland Security
Act of 2002 ("HSA"), Pub. L. No. 107-296, 116 Stat. 2135, any reference to the Attorney General
in a provision of the Immigration and Nationality Act describing functions which were transferred
from the Attorney General or other Department of Justice Official to the Department of Homeland
Security by the HSA " shall be deemed to refer to the Secretary " of the Department of Homeland
Security.  *See* 6 U.S.C. Sec. 557 (2003)(codifying HSA, Title XV, Sec. 1517).  Thus, while both
section 1226 and the district court refer to the Attorney General's discretionary decisions regarding
detention of an alien pending removal proceedings, both should be deemed to refer to the Secretary
of DHS.  Hereafter, this return will refer to the Secretary instead of the Attorney General.

In Petitioner Afify's case, Section 1226(a) has provided a statutory mechanism for him to seek release on bond while the decision regarding his removal proceedings remains pending, as it does in this case since the government has taken an appeal, and thus, there is no final decision regarding his removal at this time.   *See* 8 U.S.C. §1226(a)(2) and 8 C.F.R.§1003.19(f).   The discretion of the immigration judge to lower the bond initially in November of 2007 was properly exercised, and petitioner failed to appeal that decision to seek a lower bond amount or release altogether from the Board.   Petitioner Afify does not raise a facial constitutional challenge to the statute but appears to challenge the legal basis for his custody pending appeal and final decision on his case before the Board in light of the immigration judge's ruling in his favor on the merits of his case.   Petition ¶8, 15.   Petitioner takes issue with the apparent statutory and regulatory authority of the US ICE to continue to detain him in light of the  favorable outcome of his case before the immigration judge. However, his claim is really about a decision that  was made on his case on January 22, 2008 granting him relief and he asserts that the decision therefore "terminate[s]" the right of US ICE to detain him. This argument is legally unfounded and not based upon any case law, statute or regulation.

Petitioner's custody determination is a separate part of the immigration proceedings, and as such, there is no automatic release from detention based upon the immigration judge's decision if an appeal is filed on the case; just as there would be no automatic deportation of petitioner if the government had prevailed before the immigration judge.  He is entitled to file an appeal of his custody determination noting his changed circumstances, and the possibility exists that the Board could rule in his favor.  The government has filed an appeal and that stays the execution of the order until the appeal is decided.  8 C.F.R. §1003.6(a).  Petitioner does not yet have a final decision, and as such he stands before the court as an admittedly out of status alien who has been taken into custody pursuant

to 8 U.S.C. § 1226 until such time as a final decision is made on his case.

The Supreme Court has repeatedly held that detention is a valid aspect of the deportation process.(*Demore v. Kim,* 533 U.S. at 523: "As we said more than a century ago, deportation proceedings 'would be in vain if those accused could not be held in custody pending the inquiry into their true character'")(citing *Wong Wing v. United States,* 163 U.S. 228, 235 (1896)); *Zadvydas v. Davis,* 533 U.S. 678, 711 (2001)(Kennedy, J., dissenting)("Congress' power to detain aliens in connection with removal or exclusion . . . is part of the Legislature's considerable authority over immigration matters"); *Reno v. Flores,* 507 U.S. 292, 306 (1993)("Congress eliminated any presumption of release pending deportation."); *Harisades v. Shaughnessy,* 342 U.S. 580, 588-90 (1952)("Over no conceivable subject is the legislative power of Congress more complete.").

Thus, the district court should not exercise jurisdiction under 28 U.S.C. §2241 to review the Secretary's exercise of discretion because 8 U.S.C. §1226(e) bars that review. *See, e.g., Singh v. Ashcroft,* 351 F.3d 435, 439 (9th Cir. 2003)("habeas is not available to claim that the INS simply came to an unwise, yet lawful conclusion when it did exercise its discretion"); *Bakhtriger v. Elwood,* 360 F.3d 414, 420-21 (3rd Cir. 2004)("section 2241 habeas proceedings do not embrace review of the exercise of discretion or the sufficiency of the evidence"); *Sol v. INS,* 274 F.3d 648, 651 (2d Cir. 2001)("We now join our sister circuits in holding that federal jurisdiction over §2241 petitions does not extend to review of discretionary determinations by the IJ and the BIA."); *Pisciotta v. Ashcroft,* 311 F. Supp. 2d 445, 448-49 (D.N.J. 2004)(Section 1226(a) grants the Attorney General discretion to determine whether an alien should be arrested and detained, or released on bond or otherwise, pending removal proceedings.")

## II.     Petitioner Afify Has Failed to Exhaust His Available Administrative Remedies.

Dismissal of the case is required  for failure to exhaust administrative remedies in that petitioner has not shown in his petition that he has taken an available appeal to the Board and been denied. *See* Local Rule 81.4 of the Federal Court Rules (Govt. Ex. 6).  Furthermore, the statute and case law are clear that petitioner Afify must exhaust his administrative remedies before a court would have jurisdiction over his immigration claims.  *See Cardoso v. Reno,* 216 F.3d 512, 518 (7th Cir. 2000); *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002); *Gonzalez v. O'Connell,* 355 F.3d 1010, 1016 (7th Cir. 2004)(generally, individuals may not seek relief in federal courts before "the parties exhaust prescribed administrative remedies"). Petitioner has not perfected his administrative remedies, and it is the immigration judge's decision regarding his custody that he takes issue with, thus, he should appeal that determination to the Board for proper resolution of the custody issue.

Because the Board of Immigration Appeals is charged with administering the Immigration and Nationality Act, the court defers to the Board's interpretation if, applying the normal "tools of statutory construction," the language is ambiguous and the Board's interpretation is permissible.  *See INS v. St. Cyr,* 533 U.S. 289, 320 n.45 (2001)(citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, n.9 (1984) and *INS v. Cardoza-Fonseca,* 480 U.S. 421, at 447- 448 (1987).  Under *Chevron,* the court should defer to the Board's permissible interpretation of provisions in the INA that, applying the normal tools of statutory construction, may be considered ambiguous. *Gutnik v. Gonzales,* 469 F.3d 683, 690 (7th Cir. 2006) (citing *INS v. Aguirre-Aguirre,* 526 U.S. 415, at 416, 424-25).   Where it is the Board's regulations that are at issue the Board's interpretation is entitled to "substantial deference."  *See Dawoud v. Gonzales,* 424 F.3d 608, 612 (7th Cir. 2005).  Petitioner Afify may take issue with the regulations as cited by the immigration judge in

redetermining his bond; however, he did not seek review of this decision until the filing of an appeal before the Board *after* he filed the instant habeas petition.   Thus, he has not yet exercised his regulatory option to appeal the immigration judge's decision denying him reconsideration of the bond.

Exercising any of his administrative options would have given him an opportunity to appeal to the Board, which he has only recently done.  He has not given the Board the opportunity to interpret in the first instance the statute it administers and the regulations it promulgated to implement that statute.   He has failed to give the Board the opportunity to interpret the statute as well by failing to exhaust his administrative remedies.   Petitioner should not be allowed to do an end-run around the administrative process as contemplated by Congress so that he can skip the process and come straight to district court.   This is, no doubt why the Local Rule 81.4 has been implemented by the federal court so that a petition must state that the available appeal has been taken and has been denied by the Board.  *See* Govt. Ex 6.

While petitioner Afify may claim that exhaustion should be excused because he is only challenging his detention under 28 U.S.C. §2241, (Petition ¶ 11),  this argument must fail under the circumstances of this particular case as well.  Exhaustion of administrative remedies can be required in the "exercise of sound judicial discretion." *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). As a general rule, parties must exhaust their available administrative remedies before seeking relief from the federal courts.  *Yanez v. Holder,* 149 F.Supp.2d 485, 489 (N.D. Ill. 2001)(citing *McCarthy v. Madigan,* 503 U.S. 140, 144-45 (1992); *see also Gonzales v. O'Connell,* 355 F.3d 1010 (7th Cir. 2004).  In *Schlesinger v. Councilman,* 420 U.S. 738, 756-57 (1975), the Supreme Court reiterated that the exhaustion rule is "based on the need to allow agencies to develop the facts, to apply the law in which they are peculiarly expert, and to correct their own errors. The rule ensures that whatever

judicial review is available will be informed and narrowed by the agencies' own decisions.  It also

avoids duplicative proceedings, and often the agency's ultimate decision will obviate the need for

judicial intervention."   There are two fundamental purposes for the exhaustion requirement:

protecting administrative authority and promoting judicial efficiency."  *McCarthy v. Madigan,* 503

U.S. 145 (1992); *see also, Weinberger v. Salfi,* 422 U.S. 749, 765 (1975).

        The Seventh Circuit has held that there are "explicit statutory requirements in certain sections

of the INA and a comprehensive administrative review scheme exists."  *Iddir v. INS,* 301 F.3d 492,

498 (7th Cir. 2002)(citing 8 U.S.C. §1252(d)(judicial review of final orders where the alien has

exhausted administrative remedies); *Singh v. Reno,* 182 F.3d 504, 511 (7th Cir. 1999); *Mojsilovic v.*

*INS,* 156 F.3d 743, 748 (7th Cir. 1998); *Castaneda-Suarez v. INS,* 993 F.2d 142, 144045 (7th Cir.

1993).   While Petitioner Afify has presented his claim to the district court as a challenge to his

detention that does not require exhaustion, he has yet to challenge that detention in the proper forum,

that is the Board, which should have an opportunity to review the decision of the immigration judge

denying him reconsideration of his bond.  But that custody decision and the decision from November

of 2007 and the facts surrounding them were never presented to or developed before the agency, and

the Board has never had a chance to review the issues presented by this habeas petition to  the district

court.  As the record and exhibits show, Afify failed to present the claim and exhaust it properly, as

he might have done through an appeal before the Board.  8 C.F.R. § 1003.19(f).  As the *Iddir* court

held, there is a "comprehensive administrative scheme" which Afify chose not to follow.  301 F.3d

at 498.

        Petitioner Afify  may argue that there are exceptions to the exhaustion doctrine which apply

to his case, but that argument is not supported by the law, nor by the facts of this case.  Exhaustion

may be excused if:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an "indefinite time frame for administrative action"; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell,* 355 F.3d 1010,1016 (7th Cir. 2004); *Iddir,* 301 F.3d at 498 (internal quotations and citations omitted). Like the petitioner in *Gonzalez,* Afify may argue futility or that "it would be prejudicial for the Petitioner to continue to suffer an unreasonable delay or be subject to an indefinite time-frame in detention." (Petition ¶11). Ironically, however, it is petitioner Afify who has caused his own delays— (1) he did not file an appeal to the BIA of the initial custody decision in his case dating back more than five months since the $75,000 bond was set by the immigration judge; (2) he waited from January 22, 2008 when he was granted relief by the immigration judge, until February 13, 2008 to file a motion to reconsider his custody status in light of that relief; (3) he extended the time to file a response to the government's appeal of the merits decision by three weeks; and perhaps, most importantly,(4) he did not file an appeal of any part of his custody case until a day after he filed the instant habeas petition, that is approximately five months after the initial request for bond was granted and placed at $75,000, an amount he says he could not pay.

The fact that Afify states in his habeas that he could not post the $75,000 bond does not excuse making the effort that is expected experience in the adversarial process. While Afify may try to frame his case as a constitutional challenge, his case actually involves a statutory and regulatory challenge to the immigration judge's order denying him further reconsideration of his custody. And

11

as this court determined in *Gonzalez,* "the question becomes, whether, by framing his challenge as one of constitutionality, with the statutory issue as a mere predicate to that argument, a detainee . . . may skip bringing the statutory issue before the BIA." *Gonzalez,* 355 at 1017.  The court answered the question:  "As a general rule, the answer to that question must be no." *Id.*  Since Afify is a "petitioner with a statutory argument that has a reasonable prospect of affording him relief," he may not "skip the administrative process and go straight to a federal court by simply reconstituting his claim as constitutional and claiming futility."  355 at 1010, 1018; *see also Health Equity Resources Urbana, Inc. v. Sullivan,* 927 F.2d 963, 965 (7th Cir. 1991).

Requiring Afify to exhaust his administrative remedies protects the administrative authority, which is consistent with the administrative scheme as established by Congress.  *McCarthy,* 503 U.S. 140, 145.  Following the process established by Congress promotes judicial efficiency, in that review before the Board or an appellate court may obviate the need for any further review by any other court. And, the Supreme Court's rationale in requiring exhaustion is particularly appropriate in a case such as Afify's, where the Board should be given the opportunity to review the claims regarding the immigration judge's decisions to determine whether or not they would invalidate the order.  As the Seventh Circuit reiterated in *Gonzalez,* "we must bear in mind that the Agency has particular expertise in interpreting the INA."  355 F.3d at 1017.  "Exhaustion concerns apply with particular force . . . when the agency proceedings in question allow the agency to apply its special expertise." *id.,* citing *McCarthy,* 503 U.S. at 145.  Exhaustion is based upon the need "to allow agencies to develop the facts, to apply the law in which they are peculiarly expert, and to correct their own errors.  The rule ensures that whatever judicial review is available will be informed and narrowed by the agencies' own decisions." *Schlesinger v. Councilman,* 420 U.S. 738 (1975).

The Board, in developing case law and examining the facts and circumstances of individual cases involving the issues of custody, is the appropriate body with the required expertise and specialized knowledge to make the initial determination in Afify's case regarding the bond.  And it is the Board which "should have the opportunity, without reaching the constitutional issue, to provide the petitioner the ultimate relief requested in the first instance." *Gonzalez*, 355 F.3d 1017, citing *McCarthy*, 503 U.S. at 145.  Allowing the Board to rule on the new material or changed circumstances initially with respect to its applicability to Afify's particular case accords appropriate deference to "Congress' delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *Id.*

In petitioner Afify's case, if the Board agreed with his argument that the bond is set too high or that he should be released from custody in light of the immigration judge's ruling on his application for adjustment of status,  then it would have the authority to reverse the proceedings outright or to remand to the immigration judge for a review of the facts and circumstances surrounding the custody redetermination.  However, Afify never developed the facts before the Board which would allow the Board to make an initial determination before he filed the habeas case in district court.  His failure to bring forth the changed circumstances in an appeal of the bond decisions before the Board does not fit within the exceptions to the exhaustion rule; rather, it provides nothing for the district court  to review.

The requirement of exhaustion also serves this fundamental purpose of "constitutional avoidance" by permitting the resolution of issues on non-constitutional grounds. *Jean v. Nelson,* 472 U.S. 846, 853 (1985)(quoting *United States v. Locke,* 471 U.S. 84, 96 (1944)(stating that "if there is

one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that

we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable.").

Resolution by the Board in the first instance may well have made review of Afify's claims in federal

court unnecessary, as the Board could have reviewed the facts and developed a proper record which

would provide the courts ultimately with something to review.  Without exhausting his remedies,

though, Afify's case must fail for lack of jurisdiction.

    Therefore, it is the position of the respondent that the habeas should be denied in its entirety

as there is just cause at this time for detaining petitioner given that he has only recently filed an appeal

before the Board,  and there is no jurisdiction for the court to review the decision of the immigration

judge denying reconsideration of his custody status under 8 U..S.C. §1226(e) of the INA, as petitioner

Afify has administrative remedies still available to him.


                    Respectfully submitted,

                    PATRICK J. FITZGERALD
                    United States Attorney


                    By: s/SHEILA MCNULTY
                        SHEILA McNULTY
                        Special Assistant U.S. Attorney
                        219 South Dearborn Street
                        Chicago, Illinois 60604
                        (312) 353-8788

**GOVERNMENT EXHIBIT 1**

U.S. Department of Homeland Security

# Warrant for Arrest of Alien

FINS #: 1065834019

File No. A089 508 786
Event No: XCH0810000022
Date: October 9, 2007

**To any officer delegated authority pursuant to Section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

Ahmed Shawky Abdelmonem AFIFY
_____
(Full name of alien)

an alien who entered the United States at or near ____Atlanta, Georgia____ on
(Port)

____August 9, 2006____ is within the country in violation of the immigration laws and is
(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

_(Signature of Designated Immigration Officer)_

**GEORGE CAVAZOS**
(Print name of Designated Immigration Officer)

Acting Group Supervisor

---

## Certificate of Service

Served by me at ____Broadview, Illinois____ on ____October 9, 2007____ at ____12:00 AM____

I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

JACOB A. BLANCHETTE
_(Signature of officer serving warrant)_

Senior Special Agent


GOVERNMENT EXHIBIT

U.S. Department of Homeland Security

# Notice of Custody Determination

Ahmed Shawky Abdelmonem AFIFY

Event No: XCH0810000022
File No: A089 508 786
Date: 10/09/2007
FIN#: 1065834019

IN CARE OF ICE
101 W. CONGRESS
CHICAGO, ILLINOIS 60605

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of the Department of Homeland Security.

☐ released under bond in the amount of $_____

☐ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.

☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

ROGER CAVAZOS
(Signature of authorized officer)

Acting Group Supervisor
(Title of authorized officer)

Chicago, Illinois
(Office location)

☒ I do   ☐ do not request a redetermination of this custody decision by an immigration judge.
☒ I acknowledge receipt of this notification.

_____
(Signature of respondent)

10/9/07
(Date)

## RESULT OF CUSTODY REDETERMINATION

The custody status / conditions for release were reconsidered by:

☐ Immigration Judge    ☐ DHS Official    ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld    ☐ Release - Order of Recognizance
☐ Detain in custody of this Service    ☐ Release - Personal Recognizance
☐ Bond amount reset to    ☐ Other:

_____
(Signature of officer)

Form I-286 (Rev. 08/01/07)

## GOVERNMENT EXHIBIT 2



UNITED STATES IMMIGRATION COURT
536 S. Clark St., Room B-1320/1330
Chicago, IL  60605

In the Matter of:
**AHMED SHAWKY ABDELMONEM AFIFY**              Case No.: **A89-508-786**
Respondent

                                               IN REMOVAL PROCEEDINGS

<u>On Behalf of the Respondent</u>                    <u>On Behalf of the DHS</u>
  Abdullah Salah                               Jessica Lechter

## ORDER OF THE IMMIGRATION JUDGE

Requests having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 236 and having considered the representations of the Department of Homeland Security and the respondent, it is HEREBY ORDERED that:

[   ]        The request for a change in the custody status of the respondent be denied.

[✓]        The request for a change in the custody status of the respondent be granted
            and respondent be:

      (1)  [✓]        Released from custody upon posting a bond of $75,000 :
                      (not less than $1500) and

      (2)  the conditions of the bond:

            [   ]        remain unchanged; or

            [   ]        are changed as follows: _____
                      _____

[   ]        Other:_____
            _____
            _____

__November 2, 2007__                           _AP Kob_
Date                                           Immigration Judge

APPEAL: Reserved/Waived (Alien/DHS/Both)
                      Due: 12/3/07
Administrative Control Court: Immigration Court, 55 E. Monroe, Ste. 1900, Chicago, IL 60603
Hearing Conducted by Video Conference



GOVERNMENT EXHIBIT 2

**<u>GOVERNMENT EXHIBIT 3</u>**

**McNulty, Sheila (USAILN)**

| | |
|---|---|
| **From:** | McNulty, Sheila (USAILN) |
| **Sent:** | Wednesday, April 23, 2008 12:22 PM |
| **To:** | 'Sheila.McNulty@usdoj.gov' |
| **Subject:** | FW: AFIFY, A 89 508 786 |
| **Attachments:** | 07.doc; image001.gif |

# Board of Immigration Appeals - Case Appeal

| ANumber: 89-508-786 | Lead: 89-508-786 | Chg. Doc. Date: 10/09/2007 |
|---|---|---|

**AFIFY, AHMED SHAWKY ABDELMONEM**　　　　　　　　　　Gen: 1　　SubGen: 1
**Base City:** CHI　　**Hearing Location:** CHD
**Nationality:** EGYPT

| | | | |
|---|---|---|---|
| **IJ Decision:** 01/22/2008 | **Decision:** Relief Granted | **Other Comp:** | **Type:** RMV |
| **Appeal Filed:** 02/06/2008 | **By:** DHS  IJ | | Case Appeal |
| **Custody Status:** Detained | | | |

---------- Briefing Schedule ----------

| | Alien | INS |
|---|---|---|
| **Served on Parties:** | 03/05/2008 | 03/05/2008 |
| **Originally Due:** | 03/26/2008 | 03/26/2008 |
| **Currently Due:** | 04/16/2008 | 04/16/2008 |
| **Briefs Received:** | 04/16/2008 | 03/26/2008 |

| | | |
|---|---|---|
| **Oral Arg. Requested:** | No | No |

**To/From Appellate Counsel:**

**BIA Decision:**　　　　　　Pending
**Aministrative Final Order:**　Pending

**New A Number**


GOVERNMENT EXHIBIT 3

**GOVERNMENT EXHIBIT 4**

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### UNITED STATES IMMIGRATION COURT
### 26 FEDERAL PLAZA
### NEW YORK, NEW YORK

File No.: A 89-508-786

<table>
<tr><td>In the Matter of:</td><td>:</td><td rowspan="5"><b>IN REMOVAL PROCEEDINGS</b><br><br><b>ORDER ON MOTION FOR<br>RELEASE</b></td></tr>
<tr><td></td><td>:</td></tr>
<tr><td><b>AFIFY, Ahmed</b></td><td>:</td></tr>
<tr><td></td><td>:</td></tr>
<tr><td><b>RESPONDENT</b></td><td>:</td></tr>
</table>

CHARGE(S):    INA § 237(a)(1)(B)      Overstay
              INA § 237(a)(1)(C)(i)   Failure to comply with the
                                        conditions of nonimmigrant status

APPLICATIONS:    INA § 245             Adjustment of status

ON BEHALF OF THE RESPONDENT        ON BEHALF OF DHS
James C. Ten Broeck, Jr., Esq.            Thomas O'Malley, Esq.
Chicago Immigration Advocates          Assistant Chief Counsel
3117 West Lawrence Avenue             55 East Monroe, Suite 1700
Chicago, Illinois 60625                  Chicago, Illinois 60603

## MEMORANDUM OF THE IMMIGRATION JUDGE

     Ahmed Shawky Abdelmonem Afifiy ("Respondent"), a native and citizen of
Egypt, was admitted to the United States on or about August 9, 2006, at or near Atlanta,
Georgia, as an A-2 nonimmigrant trainee of the U.S. military for a period not to exceed
the duration of his status as a member of the Egyptian Navy. [Ex. 1][1]  During the course
of his stay in the United States, Respondent left the Egyptian Navy without permission,
and on January 8, 2007, the Deputy Assistant Secretary of State for Visa Services issued
a revocation of Respondent's visa [Ex.2].

     Respondent married a United States citizen on April 3, 2007, [Ex.2-D], and on
October 9, 2007, the Government initiated removal proceedings against Respondent by
issuing a Notice to Appear ("NTA"), charging that he is removable from the United
States pursuant to INA §§ 237(a)(1)(B) and 237(a)(1)(C)(i) [Ex. 1].  At a hearing held on
November 20, 2007, Respondent, through counsel, admitted the factual allegations set

---

[1] The Court incorporates by reference all exhibits marked into evidence during the prior proceeding and
will refer to them here by the exhibit numbers assigned at that time.



GOVERNMENT
EXHIBIT
4

forth in the NTA and conceded removability as charged. Therefore, based on Respondent's admissions, the Court found that alienage and removability have been established by clear and convincing evidence, as required by section 204(c)(3) of the INA. Respondent designated Egypt as the country for removal.

The I-130 petition filed on Respondent's behalf by his U.S. citizen spouse was approved in December 2007 after a <u>Stokes</u> interview. On January 28, 2008, this Court found that Respondent was eligible to adjust status to that of lawful permanent resident pursuant to approval of the I-130 petition. The government reserved appeal and subsequently filed that appeal. On February 13, 2008, Respondent filed the instant motion.

By this memorandum, the Court informs the parties that it has no jurisdiction to consider Respondent's request. Because the government has filed an appeal with the Board of Immigration Appeals ("BIA" or "the Board"), jurisdiction over this matter rests there. 8 C.F.R. § 1003.23(b). Bond was set by the Court at a bond redetermination hearing held on November 2, 2007. While the Court is sympathetic to Respondent's difficulty posting the required bond, it is without jurisdiction to again redetermine the conditions of Respondent's detention. The Court will, therefore, take no further action on Respondent's motion.

_____3/11/08_____
Date

George T. Chew
Immigration Judge

**GOVERNMENT EXHIBIT 5**

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

2 - P 2 1    ???

BY: CHAO/ARE

Ten Broeck Jr., James
3117 W. Lawrence Avenue
Chicago, IL 60625-0000

Office of the District Counsel-DHS/CHI
55 East Monroe Street, Suite 1700
Chicago, IL 60603

Name: AFIFY, AHMED SHAWKY ABDELMONEM

A89-508-786

Type of Proceeding: Removal

Date of this notice: 4/17/2008

Type of Appeal: Bond Appeal

Filed by:  Alien

### FILING RECEIPT FOR APPEAL

The Board of Immigration Appeals acknowledges receipt of your appeal and fee or fee waiver request (where applicable) on 4/11/2008 in the above-referenced case.

## Check(s) returned for the following reason:

o        There is no filing fee for a BOND appeal.  Therefore, we are returning your check or money order in the amount of: $110, check #1646.

### PLEASE NOTE:

In all future correspondence or filings with the Board, please list the name and alien registration number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers for every family member who is included in this appeal.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals – including correspondence, forms, briefs, motions, and other documents.  If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above.  Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them.  Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

WARNING:  If you leave the United States after filing this appeal but before the Board issues a decision, your appeal will be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. section 1001.1(q)).

GOVERNMENT EXHIBIT 5

**GOVERNMENT EXHIBIT 6**



# ILLINOIS COURT RULES AND PROCEDURE

## VOLUME II

## 2007

### FEDERAL COURT RULES
SEE PREFACE FOR CURRENTNESS INFORMATION

FOR STATE COURTS,
SEE VOLUME I

FOR CIRCUIT COURT RULES
SEE VOLUME III

**THOMSON**
★
**WEST**



GOVERNMENT
EXHIBIT
6

376

Some circuits require personal injury plaintiffs to plead other categories of damages in their complaints. In Cook County's Municipal Department, the complaint must allege whether the amount of damages: (1) does not exceed $2,500, whether (2) are not less than $2,500 nor more than $30,000 for actions filed in Municipal District One nor more than $50,000 for actions filed in Municipal District Two, Three, Four, Five or Six; see Cir.Ct.Cook.Co.G.O. 1-2.30(b)(2); and (3) are not less than $50,000 nor more than $100,000 for actions filed in the 18th Circuit, the com-

### C. Motion to Remand

A total of 117 motions to remand to state court were filed during 2003. Fifty-six of these motions were granted, forty-seven were denied, and fourteen were disposed of in another manner, e.g., withdrawal, administratively terminated.

Twenty-six of the 117 motions reviewed (22.2%) cited a lack of diversity as a reason for seeking remand of the case. Twenty-two motions (18.8%) argued for remand because the amount in controversy was insufficient to justify the case having been removed to federal court. Only five motions (4.3%) sought remand because of incomplete consent by the defendants in the state court proceeding.

Thirty of the motions (25.6%) cited other jurisdictional reasons for remanding the case. Most of the motions in this category argued that, because certain issues in the case at hand had been disposed of, there was no federal jurisdiction for the remaining issues in the case. Finally, thirty-four motions (29.1%) cited a variety of other reasons for remand, including the argument that the petition for removal was not filed in a timely manner, agreement by all the parties for the return of the case to the state court, and in one case, the observation that the removal petition was filed by the plaintiff in the state case.

plaint must allege whether the amount of damages is: (1) not greater than $5,000; (2) greater than $5,000 and not in excess of $15,000; (3) greater than $15,000 and not in excess of $30,000; (4) greater than $30,000 and not in excess of $50,000; or (5) greater than $50,000 and not in excess of $100,000. Finally, for all personal injury pleadings in the 19th Circuit, the complaint must allege whether the amount of damages is: (1) greater than $5,000 but not exceeding $15,000; (2) greater than $15,000 but not exceeding $50,000; or (3) greater than $50,000. See 19th.Cir.CLR.17.01(d)

Effective September 1, 1999.

### LR81.4 HABEAS CORPUS PROCEEDINGS IN REMOVAL CASES

(a) Appeal From Immigration Judge. Where an appeal from an order of an Immigration Judge is permitted by law, the petition must show that the alien has taken such an appeal to the Board of Immigration Appeals and that the appeal has been denied.

(b) Petition. In complying with the requirements of 28 U.S.C. § 2242, the petitioner shall specify the acts which have deprived the petitioner of a fair hearing or other reasons entitling petitioner to the

corpus filed pursuant to 28 U.S.C. § 2241 and § 2254 and motions filed pursuant to 28 U.S.C. § 2254 shall, when filed by persons in custody, be submitted on forms approved by the Executive Committee. The clerk will supply copies of the approved forms to any person requesting them.

(b) Capital Punishment Cases. Post conviction petitions filed pursuant to 28 U.S.C. § 2254 and § 2255 by or on behalf of a petitioner under sentence of capital punishment shall proceed in accordance with the District Court Rules for the Disposition of Post Conviction Petitions Brought Pursuant to 28 U.S.C. § 2254 and § 2255 in Cases Involving Petitioners Under a Sentence of Capital Punishment adopted by the Judicial Council of the Seventh Circuit.

(c) Filing Outside of Business Hours. Counsel for the petitioner and counsel for any other person or group seeking leave to file amicus briefs or motions should communicate with either the chief deputy clerk or the senior staff attorney promptly after counsel's appointment to establish procedures to be used in the event of an emergency. Should an emergency arise before such procedures have been established and at a time that the clerk's office is not open, counsel should use the phone number listed in the Chicago Daily Law Bulletin for after hours emergencies. [That number is (312) 514-9822.]

Effective September 1, 1999.

(d) § 2255 Motions. The clerk shall cause a civil case number to be assigned to any motion filed pursuant to 28 U.S.C. § 2255. Except where otherwise ordered, a separate file and docket of the pleadings filed in connection with such motions shall be maintained under the civil case number. The clerk shall cause a docket entry to be made on the criminal docket indicating the filing of any § 2255 motion and the civil case number assigned to the motion. The docket entry will also indicate that a file and docket with that civil case number is maintained for filing and docketing the motion and pleadings associated with the § 2255 motion.

Effective September 1, 1999.

377

the records to the Immigration and Naturalization Service; or

(2) that access to such records has been refused, in which event the petition shall state when and by whom application was made and refused; or

(3) that the interval between the notice of removal and the date of removal is too short to allow an examination of the records.

The petition shall further set forth the dates of the notice and the affirmance of the orders, the date set for departure, and the basis for inability to make the necessary examination.

(c) Service of Writ and Stay of Order. The writ shall be addressed to, and must be personally served upon, the officer who has actual physical custody of the alien. Service may not be made upon a master after a ship has cast off her moorings. Service may not be made upon a captain of an aircraft after an alien has boarded the aircraft and the aircraft door is closed. Service of the writ does not stay the removal of an alien pending the Court's decision on the writ, unless the Court orders otherwise.

Effective September 1, 1999. Amended effective January 31, 2000.

### LR82. [RESERVED]

### LR83.1 COURT FACILITIES: LIMITATIONS ON USE

(a) Court Environs Defined. For the purpose of this rule the term "court environs" shall refer to the following areas:

(1) in Chicago in the Courthouse:

(A) the 6th and 7th floors, and the 12th through the 25th floors, inclusive;

(B) the offices of the Pretrial Services Department of this Court on the 15th floor, and the public corridors immediately adjacent to those offices;

(C) the central jury assembly lounge, south elevator banks, and corridors leading from one to the other on the 2nd floor; and

(D) the immediate areas surrounding the elevators on the 1st floor;

(2) in Chicago but not in the Courthouse, the offices of the Probation Department of this Court located at 55 East Monroe Street;

(3) in the Eastern Division but not in Chicago, the immediate areas surrounding the courtroom on the 2nd floor of the Federal Building and Courthouse at Joliet; and