UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMED AFIFY | ) |
| | ) |
| Petitioner, | ) No. 08 C 2062 |
| | ) |
| v. | ) Judge Hart |
| | ) |
| KEITH NYGREN, McHENRY COUNTY SHERIFF, | ) |
| | ) |
| Respondents. | ) |

**RESPONDENT'S REPLY TO PETITIONER'S
RESPONSE TO RETURN ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Afify's Response to the Return to the Petition for Writ of Habeas Corpus states that the government relies on an "untenable presumption, namely that the United States Department of Homeland Security has the authority conferred by Congress to detain the Petitioner at this time." This concept is neither untenable nor a presumption— it is in fact the law as stated by the immigration statute and regulations interpreting that statute. Petitioner Afify apparently refuses to concede that the government has the right to file an appeal of the order entered by the immigration judge in his removal case, and therefore while that appeal is pending he does not yet have a "final decision" on his removal case; and that the custody portion of his case is separate and apart from the actual removal proceeding, and as such he may challenge that part of his case without waiting for the removal case to be completed. See 8 U.S.C. §1226(a)(2); 8 C.F.R. §236.1(c)(2)(ii).

There is no language in the statute that supports petitioner's argument that "having prevailed before Immigration Judge," he is automatically entitled to release from custody. (P.1 of Petitioner's Response). The petitioner, does however, have the right to file a motion to reconsider the bond

decision in his case, as well as the right to appeal the bond decision to the Board of Immigration Appeals. 8 C.F.R. §1003.19(d), (e), (f); §1003.38; and 8 C.F.R.§1003.39 (" . . .the decision of the immigration judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first."). Simply because petitioner Afify chose not to exercise his right to appeal the immigration judge's decision until recently, does not mean that the government has no statutory authority to detain petitioner pending the completion of the removal proceedings, that is when a final decision is entered in the case. Clearly cases such as *Demore v. Kim,* 538 U.S. 510, 517 (2003) and *Hussain v. Mukasey,* 310 F.3d 739 (7th Cir. 2007) uphold this basic statutory premise.

In *Hussain,* the Seventh Circuit specifically stated: "*Demore v. Kim* [citations omitted] holds that the principle of *Zadvydas* does not require release *pending* judicial review of the removal order, that is, before that review is complete . . . . [t]he difference between the two cases as pointed out in *Kim,* is that an alien who is ordered removed could languish in detention for the rest of his life if no country could be persuaded to accept him, whereas judicial review of removal orders takes only a limited amount of time and if there is hardship to the petition the court can agree to expedite the proceeding." 510 F.3d 742.

Thus, the Seventh Circuit has determined that detention pending the review of the removal order is not an "untenable presumption" as petitioner Afify sets forth in his response. There is a process whereby petitioner could challenge his custody during the review of his proceedings, and he has only recently availed himself of that process to appeal before the Board. Furthermore, as the Seventh Circuit held in *Hussain,* an expedited briefing schedule and argument are examples of how unreasonable delays may be curtailed to ensure that there is no undue or inordinate delay. But, as the Seventh Circuit has also stated, there are "explicit statutory requirements in certain sections of the

INA and a comprehensive administrative review scheme exists." *Iddir,* 301 F.3d 498 (7th Cir. 2002); *Singh v. Reno,* 182 F.3d 504, 511 (7th Cir. 1999); *Mojsilovic v. INS,* 156 F.3d 743, 748 (7th Cir. 1998); *Castaneda-Suarez v. INS,* 993 F.2d 142, 144-45 (7th Cir. 1993). Petitioner Afify has just submitted his appeal recently to the Board, and it is the Board which will be able to initially review the bond decision and this process is "based on the need to allow agencies to develop the facts, to apply the law in which they are peculiarly expert, and to correct their own errors. The rule ensures that whatever judicial review is available will be informed and narrowed by the agencies' own decisions. It also avoids duplicative proceedings, and often the agency's ultimate decision will obviate the need for judicial intervention." *Schlesinger v. Councilman,* 420 U.S. 738, 756-57 (1975).

      Petitioner claims in his response that the government has "no discretion to exercise since Congress confers no authority," and "since no authority is conferred by Congress in these circumstances, there are no "administrative" remedies to exhaust." (Response p.2). Petitioner misses the point --- it is the discretion of the *immigration judge* which is at issue in his custody appeal, and *that* is not reviewable by the courts unless and until he exhausts his remedies with respect to the custody decision before the Board because the district court will have nothing to review. *See Schlesinger, supra.* Petitioner confuses the issues of review of his detention and review of his removal case by arguing to the court that somehow the granting of petitioner's adjustment application entitles him to automatic release from detention. It is undisputed that 8 U.S.C. §1231 does not apply in this case because petitioner admittedly does not have a "final order" of removal. However, this concession lends nothing to petitioner's argument that he is entitled to release despite the fact that the decision on his removal case is not final as it has been appealed by the government. This automatic release is found nowhere in the case law, statutes, or regulations.

Petitioner argues that "the only way that the Government can prevail in this case is to convince this Court that the language of "pending a decision" under §1226 is the same as "administratively final" order under §1231." (Petitioner's Response p. 4). The government has no intention of trying to convince the court of any such thing. As the Seventh Circuit has held, plain and unambiguous statutes must be applied as written. *See United States v. Farr,* 419 F.3d 621, 625 (7th Cir. 2005). The plain reading of the statute allows for petitioner's detention "pending a decision on whether the aliens is to be removed from the United States." 8 U.S.C. §1226(a). Because the immigration judge's "decision" is still "pending" while the government has appealed, the statute allows for his detention for the limited time necessary to complete the judicial review of the decision. *See Demore v. Kim,* 538 U.S. 510, 517, and *Hussain v. Mukasey,* 510 F.3d 742. Therefore, the government need not "convince" this court that it must read the different sections of the statute to mean the same thing.

Petitioner has a remedy in this situation—he had the right to file an appeal to the Board of the custody decision, and the rules of this court require that he do so before he files a habeas petition seeking his release. *See* Illinois Court Rules and Procedure, Federal Court Rules, 2007, LR 81.4(a). His delay in seeking that review before the Board of the custody decision until *after* he filed this habeas petition should not be rewarded with consideration of this claim before the Board may properly address it in the first instance. *See Iddir*, 301 F.3d 498 (7th Cir. 2004).

Finally, petitioner now claims that he raises a "substantial constitutional question concerning the lack of due process in the DHS' continued detention and consequently, the Petitioner should not be required to exhaust administrative remedies." (Petitioner's Response p. 6, citing *Gonzales v. O'Connell,* 355 F.3d 1010, 1016). However, petitioner provides no discussion of the alleged constitutional deprivation of due process; rather he acknowledges, as counsel did in open court, that

he can file an appeal to the Board, and that he "should not be required to exhaust administrative remedies because of the unreasonable delay to date and the indefiniteness of any release date." (Response at p.6). Yet, just as the Supreme Court stated in *Demore v. Kim,* and the Seventh Circuit in *Hussain v. Mukasey,* the concerns regarding unreasonable detention time are limited, and the time frame has an end point which is not violative of due process in this case, in particular when petitioner has just filed his custody appeal within the last two weeks.

While petitioner may have a dispute with the statutory and regulatory scheme which is designed to allow for administrative review of his custody, he has not shown that there has been a violation of these procedures, merely that he has chosen not to exercise his rights to that process until very recently. This does not constitute a constitutional violation or deprivation, rather petitioner is merely trying to "recharacterize his claim" as a constitutional deprivation so that he can bring it into district court, when he has a remedy available to him under the statutory and regulatory scheme. *See Bhatt v. Board of Immigration Appeals, et al.*, 328 F.3d 912 (7th Cir 2003). Thus, since there is no jurisdiction for the court to review the decision of the immigration judge denying reconsideration of his custody status under 8 U.S.C. §1226(e) of the INA, as petitioner Afify has administrative remedies still available to him, the government respectfully urges the court to dismiss the case in its entirety.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/SHEILA MCNULTY
SHEILA McNULTY
Special Assistant U.S. Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-8788