
**TEN BROECK**
LAW OFFICES

(773) 463-1601  |  3117 W. Lawrence Avenue  |  Chicago, Illinois 60625

May 8, 2008

**BY E-FILING & REGULAR U.S. MAIL**
Judge William T. Hart
c/o Clerk of the Court
Northern District of Illinois
219 S. Dearborn Street, 20th Floor
Chicago, Illinois 60604

      Re: Afify v. Nygren
        Case No. 08 C 2062
        **Clarification**

Dear Judge Hart:

  One of the more important reasons for writing this letter is to point out that, after re-reading my response, I saw that I could have been clearer on one point since I omitted an additional reference to the language contained in §1231 which supports Mr. Afify's argument. Further, I should point out that the Government filed its reply on May 5th and all filings are complete for your review.

  As I already discussed in detail in my response, INA provision §1231 authorizes the DHS to detain *post*-removal order. As I pointed out, this provision contains language that the DHS' authority to detain continues for those who are "ordered removed." *See*, §1231(a)(1)(A). I mentioned that it also contains language concerning a "final . . . order" but failed to provide the precise provision. That provision is §1231(a)(1)(B)(i) and reads "order of removal becomes administratively final." This is in addition to the 17 other times that Congress uses the language "final . . . order" in the INA.

  As I argued, it is wholly inconceivable, at least to me, that Congress contemplated that *post*-removal detention could continue *after* a favorable decision has been reached "on whether an alien is to be removed from the United States." §1226(a). This interpretation of the statute is perfectly consistent with the statutory scheme in which Congress authorizes detention in two separate provisions with two operative events, *i.e.*, "pending decision" in §1226 which terminates the authority to detain and "when ordered removed" under §1231 which presumes there is an order of removal to authorize continued detention. As you know, there was no order of removal entered against Mr. Afify, but he was granted relief on January 22, 2008, by the immigration judge who heard his case.

  While thinking about writing this letter today, I received a letter from my client – as you can see, his English usage is poor, but it is not impossible to determine what he is saying. As you can see, he states that he is being treated like an animal and a criminal. He also indicates that he has been classified as a high-risk detainee which, if true, is wholly unjustified. Further, he

*Page Two*
*Afify v. Nygren / Case No. 08 C 2062*
*May 8, 2008*

indicates that he has a problem with his knee, for which the jail has not given him proper care. At this point, I do not have any reason to doubt him (and with respect to his knee, I need to make sure that he has pursued proper channels). This is coming from a client who is an intelligent and seasoned Egyptian naval officer and, further, has not ever been a "whiner." I do not mean to infer by bringing his plight to your attention, however, that the jail is supposed to be a pleasant place – what I wish to convey is that this sort of thing should not happen to those who, very simply, do not deserve it.

Another reason for writing this letter is to persuade you not to accede to the notion that if you were to delay making a decision on this case, a decision from the Board would make this matter moot. No one knows when a decision will be forthcoming and that day after day – since January 22, 2008, when Mr. Afify should have been released – the DHS is being given license to continue its abuse of power in detaining Mr. Afify. As I hope that I made clear in my response, this case presents *habeas corpus* in its most simple and ancient form. It presents a fundamental – and in light of the lack of case precedent, a simple – question of the statutory authority of the DHS to continue to detain Mr. Afify. As you can see from a plain reading of the statute, that authority simply does not exist.

I would hope that you can see that the Government has simply "gone too far" in asserting its authority in this case. If you cannot see this case as I do, then I would respectfully request that you give me, at the very least, the opportunity to bring it to the Court of Appeals without any further delay. Thank you for your consideration.

Respectfully submitted,

James C. Ten Broeck Jr.

JCTB/jctb
w/encl.
cc:   Sheila McNulty (AUSA) (w/encl.)

AFIFY, Ahmed                                                                May 5, 2008
A89-508-786
McHenry county Jail
2200 North Seminary
Woodstock, Illinois 60098


Dear James

    I Wright to you to tell you about the situation in this jail, since I have bin in here I have bin accepting a lot of thing but right now I cant take it no more.
 In the beginning when I came here in the van that they transfer us in it was so tight and the officer was driving so bad in purpose so we keep bouncing in the metal box and if we complained he do it more, than when we got out I ask him is this van for animal he side (No, animals get windows) so from the beginning we have to accept that they think that we less than animals I cam out to find my self classified as level 3 (high-risk category requiring medium to maximum security housing, and always monitored and escorted) than cam the food that is so bad that I wont fed it to my dog so finally I change my self to vegetarian so I cam eat since than they give me cheese 3 times a day.
I understand that we are detained but we are not criminals we shouldn't be treated like that even the immigration officer that should be taking care of all this he don't come here like he should and if he cam he lay about every thing .
 I cant take this any more, that is not united stats that give freedom to people that is a nightmare and finally I got problem with my knee so the doctor told my it need a surgery and (M R I) but they don't do it for the detainee so he give me some pain reliever and when I told the nears that my knee still hurt when I walk she told me don't walk and finally they cut the medicine and told me bay it from the commissary.
 I don't know but I cant take this no more please Mr. James do some thing I had it with this, help me I don't know but some one must know about this some one must fix this not only for me but for every one people must know about the troth that immigration trite people like animals or at least in this place, I pray that you can do some thing.
 Thank you for your help and your patient.


                                                                                      Truly yours,

                                                                                      Afify, Ahmed