IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AHMED AFIFY,                         )
                                     )
            Petitioner,              )
                                     )
     v.                              )   No. 08 C 2062
                                     )
KEITH NYGREN,                        )
                                     )
            Respondent.              )

## OPINION AND ORDER

Petitioner Ahmed Afify is a native and citizen of Egypt. In removal proceedings before the United States Immigration Court, Afify did not dispute the following facts. He had been a member of the Egyptian Navy who was in the United States as a nonimmigrant trainee of the United States military. Afify left the Egyptian Navy, but remained in the United States. On January 8, 2007, the Secretary of State revoked his visa. On April 3, 2007, Afify married a United States citizen. On October 9, 2007, the government initiated removal proceedings. Afify did not dispute that he was subject to removal. However, in December 2007, the I-130 petition that Afify's wife had filed on his behalf was approved. On January 28, 2008, the Immigration Judge ("IJ") found that Afify should not be removed because he

was eligible to adjust his status to lawful permanent resident. The government has appealed that decision to the Board of Immigration Appeals ("BIA") and the appeal remains pending.

In November 2007, Afify's bond in the removal proceeding had been set at $75,000. Afify, however, remained in custody. He presently represents that he does not have sufficient funds to satisfy the bond. After the government appealed to the BIA, Afify moved for his release before the IJ. In an Order dated March 11, 2008, the IJ denied the motion on the ground that he lacked jurisdiction over such a motion once an appeal to the BIA was filed.

On April 11, 2008, Afify filed a petition for writ of habeas corpus in this court contending it violates due process to keep him in custody[1] following a ruling in his favor in the removal proceeding because the government no longer has any legal basis for holding him. On that same day, he also filed an appeal before the BIA challenging the IJ's bond decisions. On April 16, 2008, this court denied Afify's emergency motion to be released and ordered that the government respond to his petition. The government contends that the petition should be denied because it has authority to hold Afify pending appeal and Afify's only recourse is to administratively appeal the denial of his release.

---

[1] Afify is presently being held at the McHenry County Jail in this district.

The government also contends that the petition should not be considered because Afify has not first exhausted his administrative remedies. There are no disputed factual issues and the parties agree this court can resolve the legal dispute on the papers before the court.

The statute most pertinent to the parties' dispute is 8 U.S.C. § 1226(a), which concerns detention during the pendency of removal proceedings. That statute provides:

> (a) On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section[2] and pending such decision, the Attorney General--
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on--
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole; but
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

Another provision of § 1226 is potentially applicable to the present situation. Subsection 1226(e) provides: "The

---

[2]Subsection 1226(c) pertains to aliens who have committed certain crimes. There is no contention that Afify can be detained pursuant to that provision.

Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." That section precludes reviewing the IJ's discretionary determinations regarding the amount of the bond or whether a person meets criteria for release. Hussain v. Mukasey, 510 F.3d 739, 742 (7th Cir. 2007). As the government concedes, it does not preclude reviewing whether detention violates due process nor legal questions as to whether the statute even applies. See 8 U.S.C. § 1252(a)(2)(D); Hussain, 510 F.3d at 743; Parra v. Perryman, 172 F.3d 954, 957 (7th Cir. 1999). Here, petitioner expressly states that he is not challenging the level at which the IJ set the bond. His sole contention is that it violates due process to keep him in custody when no statute authorizes such custody.

Petitioner contends that "pending a decision" as used in § 1226(a) should be understood as referring to the decision of the IJ. Since the IJ has already ruled in his favor, petitioner contends there is no pending decision and therefore no basis for holding him pursuant to § 1226(a). Petitioner contends pending a decision should not be read as essentially meaning pending a final administrative decision because elsewhere in the

Immigration and Naturalization Act Congress uses the term "final order" to refer to an administratively final decision. However, the word "decision," standing alone without any limiting adjective, encompasses all types of decisions. Thus, a case that is on appeal is still pending a decision. The plain meaning of § 1226(a) encompasses petitioner's situation since his case is still "pending a decision" while he awaits the BIA's ruling on the appeal of the IJ's removal ruling. Also, such a reading is consistent with applicable regulations which provide that execution of the decision of the IJ is stayed while an appeal is pending. See 8 C.F.R. § 1003.6(a). Since execution is stayed, even the IJ's decision itself is still pending.

Petitioner also contends that 8 U.S.C. § 1231, which has provisions regarding the detention of aliens pending removal, should be read along with § 1226. Contrary to his argument, though, even that comparison goes against petitioner's position. Petitioner contends that § 1226(a) applies to detention prior to (pending) an IJ's removal decision, while § 1231 applies to detention after the IJ's decision. He points to § 1231 as only providing for detention of those who have been found to be subject to removal. Petitioner, however, ignores that the detention provided for in § 1231 does not begin immediately following an IJ finding the alien is subject to removal. Section 1231(a)(2) only applies to detention during the alien's "removal

period." The removal period does not begin when an IJ reaches a decision, but when removal becomes administratively final or other alternatives that would be even later. See 8 U.S.C. § 1231(a)(1)(B). Thus, under petitioner's construction of § 1226(a), an alien who is found removable by an IJ could no longer be detained pursuant to § 1226(a) upon the IJ reaching a decision, but could not be further detained pursuant to § 1231(a)(2) until the IJ's decision is administratively final. Therefore, under petitioner's construction of § 1226(a), even an alien who is found to be removable could not be detained between the time of the IJ's decision and that decision becoming final following administrative or judicial appeals. That is not a reasonable construction of the relationship between § 1226(a) and § 1231(a)(2).

Since § 1226(a) permits the detention of an alien while the government appeals a removal decision in the alien's favor, there is no basis for granting relief on Afify's petition. But even if Afify's reading of § 1226(a) was correct, relief could not be granted. Afify apparently never raised this issue before the IJ so it would be procedurally defaulted. And even if he did raise it before the IJ, an appeal is still pending before the BIA so exhaustion would not be satisfied. There is no reason why this issue of statutory construction should not first be raised before the IJ and BIA.

For the foregoing reasons, the petition for a writ of habeas corpus will be denied.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to enter judgment in favor of respondent and against petitioner denying the petition for writ of habeas corpus.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: MAY 14, 2008